**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

**CASE NO.:**

NICHOLAS RYAN DE PALO,

Plaintiff,

vs. **INJUNCTIVE RELIEF SOUGHT**

RLV MARTIN SQUARE LP,

Defendant.
_______________________________________/

**COMPLAINT**

Plaintiff, NICHOLAS RYAN DE PALO, by and through the undersigned counsel, hereby sues the Defendant, RLV MARTIN SQUARE LP, (hereinafter referred to as "Defendant"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG"), and alleges as follows:

**JURISDICTION**

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, et seq., based upon Defendant's several violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**PARTIES**

2. Plaintiff is a resident of the State of Florida, Palm Beach County, Florida, is sui juris, and is disabled as defined by the ADA and substantially limited in performing one or more major life activities, including but not limited to walking, standing, grabbing, grasping and pinching. Plaintiff uses and is confined to a wheelchair for mobility purposes. Plaintiff's access to the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges,

advantages and/or accommodations offered therein was restricted and/or limited because of these disabilities, and will be restricted and/or limited in the future unless and until Defendant is compelled to remedy the ADA violations which exist at the Facility, including those set forth in this Complaint.

3. *Alternatively* and completely independent of his personal desire to have access to public places free of illegal ADA violations preventing access, Plaintiff *also* acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in these public places. When acting as a "tester," Plaintiff employs a routine practice. He personally visits the public places; he engages all of the barriers to access, or at least all of those that he is able to access; and he tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; he proceeds with legal action to enjoin such discrimination; and he subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of subsequent visits for personal reasons, Plaintiff intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises.

4. In this instance, Plaintiff, in his individual capacity *and* as a "tester," visited the Facility on numerous occasions throughout 2012, 2013 and 2014, and during these and other visits Plaintiff encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and Defendant's ADA violations set forth herein. During his visit to the Facility, Plaintiff investigated (and attempted to investigate) numerous areas including but not limited to the following: (i) parking areas, parking spaces, curb ramps, routes between buildings

and from the public sidewalk all within the common and parking areas of the Facility; and (ii) counters that were too high, restroom doors that made it difficult to access the facilities, small turning spaces inside other restrooms that made it virtually impossible to use the facilities, doorways that were too narrow and sinks/mirrors that were unusable all within some of the tenant spaces.

5. In addition to the public and common areas, including parking areas, adjacent to the general area where the named tenant spaces are located, Plaintiff visited and encountered barriers to access at the following locations (names provided are to the best of Plaintiff's recollection): The Home Depot, Paradise Home & Patio, Staples, Walgreens, a framing/art store, Chick Fil-A, Wendy's, a grill, and a pizza restaurant, among others.

6. Plaintiff sustained a complete injury to his spinal cord at C-6 and C-7.

7. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of Defendant's actions or inaction described herein.

8. Defendant transacts business in the State of Florida and within this judicial district. Defendant is the owner, lessee, lessor and/or operator of the real property and improvements which are the subject of this action, commonly referred to as MARTIN SQUARE, located at or about 2930 SE FEDERAL HIGHWAY 3160, STUART, FLORIDA (hereinafter, the "Facility").

## FACTUAL ALLEGATIONS AND CLAIM

9. On July 26, 1990, Congress enacted the Americans with Disabilities Act (hereinafter, the "ADA"), 42 U.S.C. § 12101, et seq.

10. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

11. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

12. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if defendant

have 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 C.F.R. §36.508(a).

13. The Facility is a public accommodation and service establishment.

14. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if defendant have 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181, et seq., and 28 C.F.R. § 36.508(a).

15. The Facility must be, but is not, in compliance with the ADA and ADAAG.

16. Plaintiff has attempted to and has, to the extent possible, accessed the Facility, but could not do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that preclude and/or limit his access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

17. Plaintiff intends to visit the Facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at this facility, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the property that preclude and/or limit his access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

18. Defendant has discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C. § 12182, et seq., and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

19. Defendant has discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of Plaintiff's disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, include:[1]

**Parking**

1) No accessible parking spaces throughout the facility in violation of numerous sections of the ADAAG including 208, 502.

2) Non-compliant curb ramps that service the disabled parking spaces, in violation of the ADAAG section 502.3

3) Disabled parking spaces throughout the facility that are not striped in a compliant manner, in violation of numerous sections of the ADAAG including 502, 502.3, 502.3.1, 501.3.2, 501.3.3

4) Disabled parking spaces throughout the facility that are not marked in a compliant manner in violation of numerous sections of the ADAAG including 502, 502.1, 502.2

5) Parking spaces throughout the facility lack clear and level access isles; there are level changes from the disabled parking space to the access isle and from the sidewalk to the existing entrance, in violation of numerous sections of the ADAGG including 206.4, 502, 502.4

---

[1] Not only does Defendant fail to comply with the 2010 ADAAG Standards, but it also failed to comply with the 2004 ADAAG Standards prior to March 15, 2012.

6) There is no accessible parking located on the shortest accessible route to the building entrance, in violation of the ADAAG section 208.3.1

7) There are an insufficient number of parking spaces at the facility, in violation of the ADAAG section 208.2

8) Disabled parking spaces throughout the facility are improperly identified, in violation of the ADAAG section 502.6

**Entrance Access and Path of Travel**[2]

9) Non-compliant accessible routes from the public sidewalk and transportation stops to the facility, in violation of the ADAAG sections 206, 206.2.1

10) Non-compliant accessible routes from the disabled parking spaces to the facility, in violation of the ADAAG sections 206, 206.2.2

11) Non-compliant accessible routes within restaurant tenant spaces with respect to various dining areas, in violation of the ADAAG section 206.2.5.

12) Lack of directional signage informing persons with disabilities as to the compliant accessible route from the disabled parking spaces to the accessible ramp and accessible entrance, in violation of various sections of the ADAAG including 216, 216.2, 216.4.3, 703.5

13) Non-accessible crosswalks throughout the facility, in violation of the ADAAG sections 406, 406.6

14) Non-compliant detectible warning surfaces throughout the facility, in violation of the ADAAG sections 705, 405.2

15) Non-compliant access ramps and isles throughout the facility, in violation of the ADAAG sections 402, 405

16) Doors and doorways that are part of accessible routes throughout the facility and the various tenant spaces are too narrow or otherwise non-compliant, in violation of various sections of the ADAAG including 404, 404.2.3, 404.2.4.

17) The cross-slopes and flared sides of various sidewalks throughout the facility are too steep; the clear widths of various walking surfaces are too narrow, in violation of numerous sections of the ADAAG including 403, 403.3, 405, 405.3

[2] The violations affecting entrance access and path of travel include those areas at, near, between and connecting the above-listed tenant spaces that Plaintiff visited. Such violations prevented Plaintiff from accessing the general exteriors of the Facility and his ability to navigate from one tenant space to another.

**Access to Goods and Services**

18) Non-compliant door hardware on multiple doors to permanent rooms and various tenant spaces that require tight pinching and grasping to operate, in violation of the ADAAG sections 309.4, 404, 404.2.7

19) Doors and/or gates throughout the facility have non-compliant closing speeds, in violation of the ADAAG sections 404, 404.2.8, 4042.9

20) Non-compliant and inaccessible seating and tables within various tenant spaces, in violation of the ADAAG sections 226, 227, 902.

21) Lack of signage and policies in place throughout the various tenant spaces and the facility to assist persons with disabilities within the facility, in violation of numerous sections of the ADAAG including 216, 216.2, 216.4.3, 703.5.

22) Non-compliant and inaccessible counters (and isles) throughout the various tenant spaces where customer service and/or transactions occur, in violation of the ADAAG sections 226, 227, 403, 904.

**Restrooms**

23) Generally, restrooms throughout the facility and the various tenant spaces are inaccessible and lack disabled use elements, including but not limited to turning space, maneuvering clearance, ramps and access into the bathroom spaces and clear floor space for a wheelchair, in violation of the ADAAG sections 213, 603, 604.

24) Non-compliant side approach on the pull/push side of the restroom doors, in violation of the ADAAG sections 404, 404.2.3, 404.2.4, 604

25) Non-compliant turning radius, clearance and clear floor spaces within the accessible stall, in violation of the ADAAG sections 213, 304, 603, 604, 603.2, 604.3, 605

26) Non-compliant toilet compartment doors (including hardware), in violation of the ADAAG sections 404 604.8.1.2

27) Non-compliant grab bars on the rear wall and side wall, in violation of the ADAAG sections 604.5, 604.9.4, 609

28) Non-compliant flush controls, in violation of the ADAAG sections 309, 604.6, 604.9.5

29) Non-compliant lavatories and sinks, including exposed and un-insulated pipes under sinks, knee clearance and approach, in violation of the ADAAG sections 305, 606

30) Non-compliant mirror height, in violation of the ADAAG section 603.3

31) Non-compliant dispensers, in violation of the ADAAG sections 309.4, 604.7, 604.9.6

32) Non-compliant coat hooks and shelves, in violation of the ADAAG sections 603.4, 604.8.3

33) Non-compliant doors and door widths that are less than the prescribed minimum, in violation of the ADAAG sections 404, 604

20. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility. Plaintiff requires an inspection of the Facility in order to determine all of the discriminatory acts violating the ADA.[3]

21. Plaintiff has attempted to gain access to the Facility, but because of his disability has been denied access to, and has been denied the benefits of services, programs and activities of the Facility, and has otherwise been discriminated against and damaged by Defendant, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the future by Defendant because of Plaintiff's disability, unless and until Defendant are compelled to remove the unlawful barriers and conditions and comply with the ADA.

22. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304. Alternatively, should this facility be considered new construction, it is subject to the new construction standards of the ADAAG.

---

[3] "The law does not require Plaintiff to document every possible ADA violation before filing a complaint." *Advocates for the Disabled, Inc. v. Subway 1674, Inc.*, Case No. 00-7439-Civ-Hurley/Snow (S.D. Fla. January 17, 2001)(citing *Steger v. Franco, Inc.*, 228 F.3d 889 (8th Cir. 2000); *Ramnarine v. CSMC 2007-C1 Military Retail, LLC and National Markets, LLC d/b/a Foodtown*, Case No. 11-80076-Civ-Ryskamp/Vitunac. A disabled person suffering an injury at a specific premises may pursue ADA compliance with respect to *all violations* at the premises which affect his disability. *Id.*

23. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

24. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay the undersigned counsel reasonable attorneys' fees, costs and expenses from Defendant pursuant to 42 U.S.C. § § 12205 and 12117.

25. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

WHEREFORE, Plaintiff respectfully requests the Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and awarding Plaintiff his reasonable attorney's fees, litigation expenses and costs.

Dated this 17th day of March 2014.

Respectfully submitted,

**By:** *<u>/s/Aaron Behar</u>*
AARON BEHAR, ESQ.
Florida Bar No.: 166286
**AARON BEHAR, P.A.**
1840 North Commerce Parkway, Suite 1
Coral Springs, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
ab@aaronbeharpa.com
*Attorney for Plaintiff*